FRANK HOWELL v. THE STATE.

No. 18705.   Delivered January 13, 1937.

The opinion states the case.

*D. G. Reynolds,* of Shamrock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

William H. Mann, an accomplice witness, testified that on the night of the 12th of April, 1936, Rufus Pearce, appellant, and the witness burglarized the barn of Howard Leake and took therefrom three sacks of cotton seed. Putting the seed in the back of the automobile appellant was driving, they returned to Shamrock.

Mr. Leake testified to the fact that his barn had been burglarized on the date in question and three sacks of Conrad cotton seed taken therefrom. These seed had been shipped to him from San Marcos, Texas, by H. Conrad. Each sack contained "inspection slips." Mr. Leake testified further that on

the 5th of May, 1936, he and W. D. DeWeese, a deputy sheriff, went to the home of J. B. Wilkinson and examined some cotton seed. At that place they found three sacks partially filled with what the witness took to be Conrad cotton seed. However, the sacks were not like those that had been taken from witness' barn. They also found in the barn an inspection slip similar to those placed in sacks containing Conrad cotton seed. At this juncture we quote from the testimony of the witness as follows: "We did not locate on those premises any sack of the same kind, with the same mark, that this cotton seed was in when I had it. However, I would say that the seed we saw there in Mr. Wilkinson's barn looked just like my seed. As stated, this cotton seed is sold all over the country. When that seed is sold there is usually a slip in the sack, it is supposed to be in every sack, and has been in every sack that I have seen into. It is an inspection slip, or packer's slip. The only identification that I can make on that cotton seed is that it is of the same character as my seed was, and that there was in the bin there a slip, such as is generally sent out with those seed. I found no sack there like the sacks that I have in my barn."

Mr. DeWeese testified to the effect that he went to the Wilkinson place with Mr. Leake and examined some cotton seed, which he brought back to the courthouse.

Eva Chandler, a sister-in-law of appellant, testified that on the night of the 12th of April, 1936, she went to church in Shamrock with Mr. and Mrs. J. B. Wilkinson and appellant. They drove a "Nash two-seated car." When they reached church appellant remained in the car and she did not see him again until after the services were over. In going home she rode on the back seat of the car. She testified: "There were three sacks of cotton seed in the back of the car which were not in there when I went into church, but after church was over I found them in there." She testified further that when they reached home appellant and J. B. Wilkinson "emptied the cotton seed from the sacks they were in and put them in other sacks." She did not know what they did with the sacks that were emptied. The cotton seed were then placed in the barn by appellant and Wilkinson. It appears from the testimony that appellant had been working for Mr. Leake until about a week before the burglary. During the time of his employment the cotton seed in question were in Mr. Leake's barn.

Appeallant did not testify. However, he introduced several

witnesses who testified that his general reputation as a peaceable and law-abiding citizen was good.

We deem the evidence sufficient to support the conviction. The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.